1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA
7
MICHAEL A. B., SR.,
8
                           Plaintiff,              Case No. C22-5646 RSM
9
        v.                                         **ORDER REVERSING DENIAL OF
10                                                 BENEFITS AND REMANDING
COMMISSIONER OF SOCIAL SECURITY,                   FOR FURTHER PROCEEDINGS**
11
                           Defendant.
12

13          Plaintiff seeks review of the denial of his applications for Disability Insurance Benefits.

14  Plaintiff contends the ALJ erred by rejecting his symptom testimony and medical opinion

15  evidence.  Dkt. 15.  As discussed below, the Court **REVERSES** the Commissioner's final

16  decision and **REMANDS** the matter for further administrative proceedings under sentence four

17  of 42 U.S.C. § 405(g).

18                              **BACKGROUND**

19          Plaintiff is 52 years old, has at least a high school education, and has worked as a realtor,

20  truck driver, and garbage collector.  Admin. Record (AR) 54.  In February 2019, Plaintiff applied

21  for benefits, alleging disability as of February 23, 2016.  AR 95–96, 110.  Plaintiff's application

22  was denied initially and on reconsideration.  AR 107, 123.  After the ALJ conducted a hearing in

23  March 2021, the ALJ issued a partially favorable decision finding Plaintiff disabled beginning on

March 20, 2021.  AR 37–93.  Plaintiff seeks review of the ALJ's decision that Plaintiff was not disabled prior to that date, therefore the relevant period is Plaintiff's alleged onset date of February 23, 2016, through March 19, 2021.

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

1.      **Plaintiff's Symptom Testimony**

Plaintiff testified that since an injury in February 2016, he has had pain in his low back, legs, shoulders, and hands.  *See* AR 68–74.  He stated his pain ranges from "6" to "7" out of 10 when he is on medication, and between "8" and "9" without medication.  AR 70.  He explained that when his pain is in the higher range, he spends four to five hours reclining in bed because his feet become numb.  AR 72.  He testified he can stand and walk for ten minutes, sit upright for 40 minutes, lift 10 to 15 pounds briefly, and hold and handle small items for 20 to 30 minutes before his hands become numb.  AR 73–74.  He stated that two times a week, he has to lay down the entire day.  AR 75.  He explained he uses a cane to steady himself and sometimes uses a walker.  AR 80–81.  He also stated he has had two shoulder surgeries since February 2016 and needs knee surgery.  AR 82.

As for his mental health, Plaintiff testified he is in treatment for depression and post-

traumatic stress disorder.  AR 75.  He stated he has nightmares that impact his sleep two to three

nights a week, and due to his symptoms, he does not get out of bed one day every two weeks.

AR 76–77.  He explained his mental health symptoms affect his ability to pay attention and

maintain concentration.  AR 76.

      Where, as here, an ALJ determines a claimant has presented objective medical evidence

establishing underlying impairments that could cause the symptoms alleged, and there is no

affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

symptom severity by providing "specific, clear, and convincing" reasons supported by

substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "The standard

isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that

it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

      The ALJ first rejected Plaintiff's symptom testimony because it was inconsistent with

objective medical evidence.  AR 47–50.  "When objective medical evidence in the record is

*inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as

undercutting such testimony."  *Smartt*, 53 F.4th at 498.  Here, in rejecting Plaintiff's statements

about his physical symptoms, the ALJ pointed to Plaintiff's physical examinations.  AR 47–50.

The ALJ's assessment is not completely supported by substantial evidence.  The ALJ reasonably

rejected Plaintiff's testimony regarding his standing and walking limitations, as records cited by

the ALJ show Plaintiff generally had normal and steady gait and mostly full strength in his

bilateral lower extremities.  AR 310, 322, 327, 330–31, 340, 345, 348, 350, 356, 373, 377, 389,

2698, 2704–05.  Plaintiff also reported improvement with his lower extremity edema.  AR 3516–

17, 3519.

      The ALJ also noted that athough Plaintiff reported instability due to pain in his legs and

1   numbness in his feet, his treating sources only limited him to no lifting over 10 pounds and no

2   frequent bending or stooping, indicating his symptoms are not as severe as he alleged them to be.

3   AR 48 (citing AR 3320, 3331, 3334).  The ALJ also reasonably rejected Plaintiff's statements

4   about his hands, as the records show that after Plaintiff underwent carpal tunnel syndrome

5   surgery, he had full strength in both of his hands, he reported continued improvement, and his

6   wrist had intact sensation and range of motion without pain.  AR 3483, 3592.

7          However, the records are not as clear when it comes to Plaintiff's back. The ALJ pointed

8   out Plaintiff still had normal gait and "good" strength in the lower extremities, despite reduced

9   range of motion in his lumbar spine.  AR 47 (citing AR 360, 356, 2704–05, 3335–36).  But the

10  ALJ relied primarily on records from the beginning of the relevant period and seemed to

11  overlook more recent ones showing further limited range of motion and weakness in his back.

12  *See, e.g.*, AR 2989, 3017–22.  The ALJ did cite to a February 2020 lumbar spine imaging and

13  explained that despite Plaintiff's complaints and the imaging findings, Plaintiff still had good

14  range of motion of all major joints.  AR 48 (citing AR 2963).  Yet, the ALJ did not discuss a

15  seemingly contradictory note from July 2020 that states Plaintiff's lumbar range of motion was

16  "not normal" and "[m]oderately decreased in all planes."  AR 3153.

17         The ALJ also noted Plaintiff's use of an assistive device was inconsistent, but this

18  characterization is not entirely accurate. *See* AR 42.  It is true that earlier treatment notes do not

19  indicate whether Plaintiff had an assistive device or expressly state he did not use one, but later

20  notes show he was recommended to refrain from using a cane by physical therapy or they

21  explicitly state he was using a cane or a walker.  *See* AR 3006, 3072, 3331, 3139.

22         The ALJ's rejection of Plaintiff's statements regarding his shoulder is also unconvincing.

23  AR 50.  Plaintiff's post-surgery notes show his symptoms did not improve, even with therapy,

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 4

and his treating source found that it would be best to order an imaging to determine the integrity

of his right shoulder rotator cuff.  AR 3873.  In sum, the ALJ partially erred in rejecting

Plaintiff's testimony regarding his physical symptoms.

However, the ALJ reasonably rejected Plaintiff's testimony about his mental health

symptoms based on his mental status examination findings.  AR 50.  The records cited by the

ALJ show that even though Plaintiff appeared tearful at times, and despite his reports of

struggles with his memories, insomnia, and nightmares, he consistently had intact thought

process, content, and memory with no cognitive issues, hallucinations, or delusions.  *See* AR

1840, 2056–57, 2114, 2136, 3457–58, 3514–15, 3544–45, 3578, 3608, 3614–15, 3625, 3662.

These findings undermine Plaintiff's testimony about the impact his mental health has on his

ability to pay attention and maintain concentration, therefore in rejecting Plaintiff's testimony

regarding his mental health symptoms, the ALJ did not err.

The ALJ also generally rejected Plaintiff's testimony because Plaintiff received

unemployment benefits in 2020.  AR 50.  "Continued receipt of unemployment benefits does

cast doubt on a claim of disability, as it shows that an applicant holds himself out as capable of

working."  *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014).  There is some confusion

with the evidence at issue: an earnings report that states an individual who resides in California

with the same name as Plaintiff received benefits in 2020.  AR 217.  Plaintiff contends these

earnings belonged to Plaintiff's son.  Dkt. 15 at 2–3.  The Court need not decide on this factual

conflict because rejecting a claimant's testimony based on his receipt of unemployment benefits

is permissible only if the evidence of record also establishes the claimant held himself out as

available for full-time or part-time work.  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d

1155, 1162 (9th Cir. 2008).  The ALJ did not establish this here, merely stating that the earnings

statement necessarily means Plaintiff represented himself as able to work.  Thus, in rejecting

Plaintiff's testimony for this reason, the ALJ erred.

### 2.    Medical Opinion Evidence

ALJs must consider every medical opinion in the record and evaluate each opinion's

persuasiveness, with the two most important factors being "supportability" and "consistency." !

*Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. § 404.1520c(a).  Supportability

concerns how a medical source supports a medical opinion with relevant evidence, while

consistency concerns how a medical opinion is consistent with other evidence from medical and

nonmedical sources.  *See id.*; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2).  Under the new regulations,

"an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent

without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

### a.    Worker's Compensation Opinions

Various providers restricted Plaintiff to the following: no heavy lifting; no lifting,

pushing, or pulling over ten pounds; no frequent bending or stooping; no prolonged sitting or

standing; no standing or walking for 15 minutes at a time, a total of one hour in an eight-hour

work day; and no sitting for more than 15 minutes at a time, a total of four hours in an eight-hour

work day.  *See* AR 378, 381, 387, 390, 392, 395, 397–98, 402, 2564, 2569, 2587, 2592, 2595,

2601, 2605, 2608, 2612, 2619, 2622, 2625, 2642, 2649, 2655, 2662, 2671, 2674, 2680, 2683,

2686, 2689, 2692, 2702, 2705, 2739, 2744, 2750, 2756, 2771, 2774, 2777, 2779.

The ALJ found these opinions persuasive but rejected the sitting restrictions and those

limiting Plaintiff to standing/walking for no more than an hour during an eight-hour workday

because they were not supported by contemporaneous physical examinations and inconsistent

with other physical examinations throughout the record.  AR 52.  The records cited by the ALJ

show Plaintiff had mostly normal gait and stance, and no significant diminishment in lower

extremity strength.  AR 52 (citing AR 365–66, 2704–05, 2725–26, 2732, 2735–36, 2739, 2743,

2750, 2754 2755, 2773).  Plaintiff argues his normal gait during his appointments and strength

findings are not relevant, but these objective findings reasonably undermine the proposed

restrictions in these opinions.  Dkt. 15 at 11.  Further, several of the treatment notes cited by the

ALJ show Plaintiff reported being able to walk for exercise.  *See* AR 2591, 2600, 2603, 2607,

2611, 2618, 2621, 2624, 2641, 2647, 2654, 2661, 2670, 2673, 2679, 2682, 2685, 2688, 2691,

2701, 2704, 2738.  Thus, the ALJ could reasonably find these opinions both unsupported by and

inconsistent with the record.

> b.      Dr. Narayanan

Dr. Narayanan completed a form prepared by Plaintiff's counsel and opined that due to

Plaintiff's low back pain, sciatica, and feet pain, Plaintiff can stand/walk for less than an hour, sit

for about two hours, and needs to recline for two to four hours during an eight-hour workday.

AR 3137.  Dr. Narayanan also opined Plaintiff needs to take one or more unscheduled work

breaks of 15 minutes or more during a typical eight-hour workday.  AR 3138.

The ALJ rejected Dr. Narayanan's opinion because it was not supported by any clinical

findings and relied primarily on Plaintiff's reports.  AR 52–53.  How a medical source supports a

medical opinion with relevant evidence is a factor the ALJ must consider.  20 C.F.R. §

404.1520c(c)(1).  The ALJ accurately observed that the form Dr. Narayanan completed provided

no supporting medical findings or relevant explanations for Dr. Narayanan's opinion.  *See* AR

3137–38.  Dr. Narayanan's treatment notes during Plaintiff's appointment likewise lacks any

evidence that could reasonably support Dr. Narayanan's proposed limitations.  *See* AR 3417–19.

Plaintiff argues the ALJ cannot reject a physician's opinion simply because it is based on a

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

claimant's complaints if the physician did not discredit the claimant's complaints and the physician provided his or her own observations.  Dkt. 15 at 11–12 (citing *Edlund v. Massanari*, 253 F.3rd 1152, 1159 (9th Cir. 2001)).  However, Dr. Narayanan included no such observations in the form at all, and the treatment notes explicitly state Plaintiff did not have a physical examination during his appointment because it was conducted over the telephone and any findings were based on Dr. Narayanan's conversation with Plaintiff.  *See* AR 3417–19.  Thus, in rejecting Dr. Narayanan's opinion for its lack of supportability, the ALJ did not err.  Further, because the ALJ's supportability finding is supported by substantial evidence, the Court need not address the ALJ's inconsistency finding, because even if the latter was insufficient, the ALJ's error would be rendered harmless.  *See Carmickle*, 533 F.3d at 1162 (including an erroneous reason among other reasons is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

### 3.    Scope of Remedy

Plaintiff requests the Court remand this matter for an award of benefits, or alternatively, for a new hearing.  Dkt. 15 at 12.

Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule."  *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017).  The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits.  *Id.* at 1045.  First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence.  *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).  Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings

1    would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014)

2    (internal citations and quotation marks omitted).  If the first two steps are satisfied, the Court

3    must determine whether, "if the improperly discredited evidence were credited as true, the ALJ

4    would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.  "Even

5    if [the Court] reach[es] the third step and credits [the improperly rejected evidence] as true, it is

6    within the court's discretion either to make a direct award of benefits or to remand for further

7    proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101).

8           Only the first step is met here, as the Court has found the ALJ erred in evaluating

9    Plaintiff's testimony.  However, it is contradicted by other evidence in the record, including

10   raising a conflict in the record that requires a resolution. *Dominguez v. Colvin*, 808 F.3d 403,

11   409 (9th Cir. 2015) ("[T]he district court must 'assess whether there are outstanding issues

12   requiring resolution *before* considering whether to hold that [the rejected evidence] is credible as

13   a matter of law.'") (quoting *Treichler*, 775 F.3d at 1105).  Plaintiff also has not analyzed the

14   factors the Court considers before remanding for an award of benefits, nor shown any rare

15   circumstances.  Accordingly, the Court finds remanding for further proceedings is the more

16   appropriate remedy.

17          On remand, the ALJ shall reevaluate Plaintiff's testimony.  The ALJ shall reevaluate all

18   relevant steps of the disability evaluation process, and conduct all proceedings necessary to

19   reevaluate the disability determination in light of this order.

20                                              **CONCLUSION**

21          For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this

22   case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. §

23   405(g).

1   DATED this 5th day of October, 2023.

2

3

4   RICARDO S. MARTINEZ
    UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 10